UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSEPH CLEAVER, JR.,    Plaintiff,

v.    Civil Action No. 3:17-cv-P89-DJH

DEP. CLENNON SMITH et al.,    Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Cleaver, Jr., a pretrial detainee presently incarcerated at the Hardin County Detention Center, filed a *pro se* "Amended Civil Rights Complaint Under 42 U.S.C. § 1983" (Docket Number (DN) 12). This matter is before the Court for initial review of the amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, John Ward, Sheriff of Hardin County, will be added back to this action as a Defendant, and the following claims will be allowed to proceed: (1) the constitutional official-capacity claims against Defendant Ward for failure to train and failure to supervise; (2) the constitutional official-capacity claims against Defendants Ward and Smith for failure to have a proper use-of-force policy; (3) the state-law claims against Defendant Smith for assault and battery; and (4) the state-law claims against Defendant Ward for negligently hiring, retaining, supervising, training, and failing to develop a policy as to the proper use of force.

### I. SUMMARY OF CLAIMS

On July 7, 2017, the Court performed initial review of the complaint and allowed the Fourth and Fourteenth Amendment excessive-force claims against Defendant Smith, a Deputy Sheriff with the Hardin County Sheriff's Office, in his individual capacity to proceed and

dismissed Defendant Jon Ward, the Hardin County Sheriff, and the claims against him (DN 9). In the amended complaint now before the Court, Plaintiff seeks to add John Ward[1] back into this case as a Defendant. Plaintiff seeks to add new claims against him. He further seeks to add additional claims against Defendant Smith. Plaintiff sues each Defendant in his official and individual capacities. He seeks "actual and punitive damages," for the Court to "issue a permanent restraining order enjoining Defendant Smith from using or exerting excessive force against Plaintiff or citizens of the Commonwealth of Kentucky," and for costs and attorney's fees.

In the amended complaint, Plaintiff states that Defendant Smith "has a prior history of exerting excessive force upon citizens and has had multiple claims of excessive force brought against him in the multiple departments and has been disciplined for excessive force." Plaintiff states that Defendant Ward "had prior knowledge concerning [Defendant] Smith's history of excessive force against citizens . . . ." Plaintiff asserts that he has video that supports the alleged use of excessive force by Defendant Smith and that several deputies who witnessed the incident "have documented [Defendant Smith's] unconstitutional behavior by incident report condoning such actions." According to Plaintiff, as a result of the alleged wrongful acts by Defendants, he has suffered "severe physical and mental pain and suffering, loss of health, mental illness, and other long term injuries. Plaintiff also has lost earning capacity and anxiety."

Plaintiff asserts Fourth, Eighth, and Fourteenth Amendment claims against Defendants. Plaintiff further alleges that Defendants Ward and Smith, in their official capacities, failed to "properly train, develop policy and procedure for use of excessive force, properly discipline, supervise or act in a reasonable manner." He also asserts state-law claims for assault and battery against Defendant Smith and claims for negligent hiring, retention, supervision, and training as

---

[1]Plaintiff spells Sheriff Ward's first name two different ways. In the original complaint, he failed to include the "h."

to Defendant Ward. Finally, Plaintiff asserts that Defendant Ward negligently failed to "develop policy or procedure in regard to the proper use of force by members of his department . . . ."

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant amended complaint action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the amended complaint and dismiss the amended complaint, or any portion of the amended complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it]

to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

#### A. Federal Constitutional Claims

#### 1. Fourth and Fourteenth Amendment Excessive-Force Claims

The Court addressed the Fourth and Fourteenth Amendment excessive-force claims brought against Defendants in their individual and official capacities in its Memorandum Opinion and Order dated July 7, 2017 (DN 9). Therein, the Court dismissed the claims against Defendant Ward and allowed the Fourth and Fourteenth Amendment excessive-force claims against Defendant Smith in his individual capacity to proceed. Plaintiff has presented no facts in his amended complaint to alter the Court's prior decision as to these constitutional claims.

Thus, as to the Fourth and Fourteenth Amendment claims, the Court's previous Memorandum Opinion and Order entered July 7, 2017, will remain in effect.

#### 2. Eighth Amendment Excessive-Force Claim

Plaintiff appears to be alleging an Eighth Amendment claim as to the alleged use of excessive force by Defendant Smith. Convicted inmates' rights stem from the Eighth Amendment, while pretrial detainees' rights stem from the Fourteenth Amendment, *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *Roberts v. City of Troy*, 773 F.2d 720,

4

723 (6th Cir. 1985), and the Fourth Amendment governs excessive-force claims during arrest. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that claims alleging excessive force in the course of making an arrest are "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"). The alleged excessive force about which Plaintiff complains occurred during Plaintiff's arrest and pretrial detention. Thus, the Eighth Amendment is not applicable to Plaintiff's excessive-force claim.

Accordingly, Plaintiff's Eighth Amendment excessive-force claim will be dismissed.

### 3. Failure-to-Train, Failure-to-Supervise, and Lack-of-Policy Claims

As to the official-capacity claims against Defendants Ward and Smith for failure to train, failure to supervise, and lack of a policy, such claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's claims against Defendants in their official capacities are actually claims against Hardin County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694.

> There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate

5

training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005); *see also Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) ("[T]he Supreme Court has held that a municipality can be liable under § 1983 on a failure-to-train theory when the 'failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.'") (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "To prevail on such a claim, the plaintiff must prove the following three things: that the training program at issue is inadequate to the tasks that the officers must perform; that the inadequacy is the result of the [municipality's] deliberate indifference; and that the inadequacy is closely related to or actually caused the plaintiff's injury." *Estates of Mills v. Knox Cty.*, No. 11-208-GFVT, 2014 WL 1047147, at *7 (E.D. Ky. Mar. 14, 2014) (quotations omitted). Likewise, to succeed on a failure-to-supervise claim, Plaintiff must show that action pursuant to official municipal policy of some nature caused the constitutional violation. *Id.* at 6.

Here, Plaintiff is alleging that Defendant Sheriff Ward had a duty and legal responsibility for training and supervising to prevent Plaintiff's civil rights from being violated by Defendant Smith, a Hardin County Sheriff's Office employee. The Court construes Plaintiff's amended complaint as asserting an official-capacity claim against Defendant Ward for a failure to train Defendant Smith in the use of excessive force and for failure to supervise Defendant Smith and will allow these official-capacity claims against Defendant Ward to continue.

Plaintiff also makes allegations against Defendant Smith for failure to train and failure to supervise. However, he provides no allegations as to who Defendant Smith failed to train or supervise. "To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal*

acts or omissions directly caused a violation of the plaintiff's constitutional rights." *LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed . . . ."). Thus, the failure-to-train and failure-to-supervise claims as to Defendant Smith will be dismissed.

As to the lack of policy, a municipality can be liable under § 1983 if the harm complained of resulted from the lack of a municipal policy. *See Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 900 (6th Cir. 2004). Such lack of a policy must amount to deliberate indifference to the injured party. *Id.*; *see also Veanus v. Northampton Cty. Prison*, 238 F. App'x 753, 755 (3d Cir. 2007) (finding that the prison's lack of policy regarding bunk assignments could give rise to § 1983 liability only if the plaintiff could show that the lack of a policy resulted from the prison's deliberate indifference).

The Court construes Plaintiff's amended complaint as asserting an official-capacity claim against Defendant Ward and Smith for a lack of policy regarding the use of force and will allow this official-capacity claim against Defendants to continue.

### B. State Law Claims

In his complaint, Plaintiff asserts claims for assault and battery against Defendant Smith. He also asserts that Defendant Ward negligently hired, retained, supervised, trained, and failed to develop a policy as to the proper use of force. Upon consideration, the Court will exercise supplemental jurisdiction over these state-law claims and allow them to proceed past this initial review.

## IV.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)  The Court's previous Memorandum Opinion and Order entered July 7, 2017, will remain in effect as to the Fourth and Fourteenth Amendment excessive-force claims.

(2)  That the Eighth Amendment excessive-force claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(3)  That the constitutional official-capacity claims against Defendant Smith for failure to train and failure to supervise are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted

(4)  That the constitutional official-capacity claims against Defendant Ward for failure to train and failure to supervise will proceed.

(5)  That the constitutional official-capacity claims against Defendants Ward and Smith for failure to have a proper use-of-force policy will proceed.

(6)  That the state-law claims against Defendant Smith for assault and battery will proceed.

(7)  That the state-law claims against Defendant Ward for negligently hiring, retaining, supervising, training, and failing to develop a policy as to the proper use of force will proceed.

The **Clerk of Court** is **DIRECTED** to add John Ward back as a Defendant to the docket of this action.

The Court passes no judgment on the merit or ultimate outcome of this case. The Court will enter a separate Revised Order Directing Service and Scheduling Order to govern the development of these new claims.

Date: February 7, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel for Defendant Smith
    Defendant Ward
    Hardin County Attorney
4415.003