UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSEPH CLEAVER, JR.,                                                                       Plaintiff,

v.                                                                      Civil Action No. 3:17-cv-P89-DJH

DEP. CLENNON SMITH *et al.*,                                              Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Joseph Cleaver, Jr., filed the instant *pro se* complaint under 42 U.S.C. § 1983. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's Fourth and Fourteenth Amendment excessive-force claims to proceed against Defendant Dep. Clennon Smith in his individual capacity. Defendant Smith filed a motion for summary judgment. While the motion was pending, the Court conducted initial review of Plaintiff's amended complaint pursuant to § 1915A and allowed additional federal and state-law claims to proceed against Defendant Smith, as well as federal and state-law claims against Defendant Jon Ward.

In allowing the additional claims to proceed, the Court entered a Revised Order Directing Service and Scheduling Order setting forth new pre-trial deadlines and remanding Defendant Smith's motion for summary judgment from the Court's active docket. The Court directed that Defendant Smith may file a motion to reinstate his dispositive motion to the Court's active docket and/or file a renewed motion and/or supplemental motion.

Defendants filed a supplemental motion for summary judgment (Docket No. 35). The Court construed the motion as also seeking reinstatement of Defendant Smith's initial motion for summary judgment and directed the Clerk of Court to re-docket the motion as a separate docket

entry.  Finding that Plaintiff did not file a response to either the motion or supplemental motion for summary judgment, on January 8, 2019, the Court entered an Order (DN 36) giving Plaintiff 21 days to file a response to both motions and providing the unrepresented Plaintiff with guidance in responding to a motion for summary judgment under Rule 56.  *See United States v. Ninety-Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003).  The Order warned Plaintiff that if he failed to file a response within the time allotted, the action would be dismissed for failure to comply with an Order of this Court.

On January 23, 2019, Plaintiff filed a notice of change of address (DN 39).  On the same date, pursuant to Clerk's Office policy, the Clerk of Court mailed the above Order to Plaintiff at his new address.  Therefore, the Court will calculate the 21-day deadline for Plaintiff's response to the motion and supplemental motion for summary judgment from that date.

However, more than 21 days have passed since that date, and Plaintiff has failed to file a response or to take any other action in this case.  Further, the docket sheet shows that before filing the notice of change of address Plaintiff had taken no action in this case in almost eight months.  Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more

generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order, his previous failure to file responses to the motions for summary judgment, and failure to take any action in this case for almost eight months shows a pattern of failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: February 19, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of record
4415.010